

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS.
## WR-57,648-13
## WR-57,648-14
## WR-57,648-15
## WR-57,648-16

## EX PARTE DAMON EARL LEWIS, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 0216853, 0216854, 0216855, AND 0216856 IN THE 8TH DISTRICT COURT HOPKINS COUNTY

*Per curiam*. FINLEY, J., filed a dissenting opinion joined by SCHENCK, P.J.; YEARY, J., dissented.

## OPINION

A jury convicted Applicant in 2002 of four offenses of aggravated sexual assault of a child and two offenses of indecency with a child by contact. The State alleged abuse of two victims: his stepdaughter, C.C., and her friend, M.N. At trial, both girls testified, and the State presented SANE Kim Basinger's testimony

regarding C.C.'s medical examination. There was no such medical examination of M.N. The jury convicted Applicant on charges involving C.C. but acquitted on those involving M.N.

Applicant presents Basinger's recantation and newly available photographs of C.C.'s 2001 SANE examination. Basinger now acknowledges that medical consensus has evolved, and her trial testimony was incorrect. Dr. Joyce Adams, a board-certified pediatrician, confirms that under current guidelines, the SANE examination findings would be classified as non-specific or normal.

Article 11.073 of the Code of Criminal Procedure provides for relief when relevant scientific evidence contradicts scientific evidence presented at trial, was not previously ascertainable through reasonable diligence, would be admissible at trial, and by a preponderance of the evidence would have changed the verdict. *See Ex parte Robbins*, 478 S.W.3d 678 (Tex. Crim. App. 2014).

This Court has made an independent review of the record. Basinger's recantation and the photographs constitute newly available evidence not previously ascertainable, and the evidence is admissible. The jury's verdict pattern of convicting on charges supported by medical evidence while acquitting on charges lacking medical corroboration suggests that the jury strongly depended on SANE

Basinger's now-recanted testimony.

The trial court entered findings agreed upon by both Applicant and the State and recommends that this Court grant Applicant a new trial. We agree with the trial court that Applicant has shown, by a preponderance of the evidence, he would not have been convicted without SANE Basinger's trial testimony. Relief is granted.

The judgments in cause numbers 0216853, 0216854, 0216855, and 0216856 in the 8th District Court of Hopkins County are set aside, and Applicant is remanded to the custody of the Sheriff of Hopkins County to answer the charges as set out in the informations. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 12, 2026
Do not publish